**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RIVER DRIVE CONSTRUCTION CO. INC, Plaintiff, v. NEW JERSEY BUILDING LABORER'S STATEWIDE BENEFIT FUNDS, et. al. Defendants. | Civil Action No. 14-5440 (JLL) **OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Plaintiff River Drive Construction Co., Inc. ("Plaintiff")'s motion for Declaratory Judgment against Defendants New Jersey Building Laborers Statewide Funds, and the trustees thereof and New Jersey Building Construction Laborers District Council ("Defendants"). (ECF No. 2). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

### I. BACKGROUND

#### A. Parties

Plaintiff, River Drive Construction Co., Inc. (River Drive), is a general contractor in New Jersey, engaged in the building and construction industry. Defendants, New Jersey Building Laborers Statewide Benefit Funds (Funds), are trust funds within the meaning of Section 302(c)(5) of the Labor Management Relations Act (LMRA), and employee benefit plans within

the meaning of the Employee Retirement Income Security Act (ERISA) of 1974. The parties claim that this matter arises from two issues: the Funds' claim for allegedly delinquent contributions against River Drive; and River Drive's claim that Arbitrator J.J. Pierson failed to serve as an impartial arbitrator to the dispute.

### B. Arguments

Plaintiff argues that the Defendants' appointment of Arbitrator Wellington J. Davis, Jr. was improper on the grounds that the Funds' Agreement and Declaration of Trust ("Trust Agreement") does not provide for the appointment of an alternate permanent arbitrator. Plaintiff asserts that this Court should adhere to the express terms of the Funds' Trust Agreement, which provides solely for the appointment of a single permanent arbitrator.

Plaintiff further claims that Defendants' appointment of Arbitrator Davis was beyond the scope of its designated powers. Plaintiff emphasizes that there is no arbitration provision within the Trust Agreement, let alone one that clearly and unmistakably sets forth that an arbitrator has the power to decide his or her own jurisdiction. Plaintiff notes that nothing in the Trust Agreement indicates that an arbitrator has discretion to decide his or her own jurisdiction. Therefore, Plaintiff maintains that the question of whether Defendants' appointment of Arbitrator Davis was proper under the Trust Agreement is one that must be answered by this Court.

Defendants argue that the appointment of Arbitrator Davis was a proper exercise of its discretion under the Declaration of Trust and the Collective Bargaining Agreement (CBA). Defendants also claims that they have the right to arbitrate the dispute before Defendants' duly designated alternate permanent arbitrator, Wellington J. Davis. Defendants seek to enforce an arbitration clause in its trust agreement that binds all employers to that agreement, because

Defendants deem it the most efficient mechanism to ensure the prompt resolution of collecting delinquent benefit contributions.

Defendants state that as of May 2007, the Trustees had established the structure of a permanent arbitrator and an alternate arbitrator appointed by the trustees of Defendants to resolve collection disputes. Defendants further assert that Plaintiff, as a result of its entry into the collective bargaining agreement and agreement to the terms of the Declaration of Trust, by reference, was bound to the results of the arbitral selection mechanism, established by the Trustees' amendment to the Declaration of Trust. Finally, Defendants maintain that the language of the Trust Agreement should be interpreted broadly to refer generally to any of a class of persons able to serve as permanent arbitrators, rather than to a single permanent arbitrator.

### III. DISCUSSION

As noted above, this matter seems to emerge from two issues: the Funds' claim for allegedly delinquent contributions against River Drive, and River Drive's claim that Arbitrator J.J. Pierson failed to act as an impartial arbitrator. Neither party argues that arbitration is not an option. *See, e.g.* Pl.'s Reply Br. at 1 ("River Drive emphasizes, once again, that it is amenable to arbitrating the dispute"); D's Br. at 1 ("[T]his matter should proceed to hearing before Arbitrator Davis."). Rather, Plaintiff is dissatisfied with Defendants' arbitrator selection mechanism and believes that the Trustees have "embark[ed] upon an *ultra vires* adventure in designating an arbitrator." (Pl.'s Reply Br. at 5).

It is well established that a party cannot be forced to arbitrate a dispute that he has not previously agreed to. *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960); *see also AT&T Technologies, Inc. v. CWA*, 475 U.S. 643, 648 (1986).

Several principles have been derived from this assertion. First, the U.S. Supreme Court has recognized that "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *AT&T Technologies, Inc.*, 475 U.S. at 648-49; *see also Gateway Coal Co. v. Mine Workers*, 414 U.S. 368, 374 (1974). Additionally, "the question of arbitrability – whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination." *AT&T Technologies, Inc.*, 475 U.S. at 649. The third principle derived from Supreme Court jurisprudence is: "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." *Id*. The presumption is heavily in favor of arbitration; indeed, the courts "have no business in weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim." *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987) (quoting *United Steelworkers of America v. America Mfg. Co.*, 363 U.S. 564, 568 (1960)). The Supreme Court has repeatedly emphasized that "[j]udicial review of a labor-arbitration decision pursuant to [a collective bargaining agreement] is very limited." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001); *see also Eastern Associated Coal Corp. v. Mine Workers*, 531 U.S. 57, 62 (2000) (holding that even if a court believes that an arbitrator seriously erred in his decision, such a belief "does not suffice to overturn his decision") (quoting *Misco, Inc.*, 448 U.S. at 38 (1987)).

### I.     The choice of arbitrator is a secondary concern and not integral to the arbitration provision.

Section 5 of the Federal Arbitration Act (FAA), 9 U.S.C.S §5 outlines the process of the appointment of arbitrators or umpire. The statute reads:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

A case that sheds light on the particular issue in dispute is *Khan v. Dell Inc.*, 669 F.3d 350 (3d Cir. 2012). There, Respondent, Dell Inc., moved to compel arbitration after Petitioner Khan asserted a variety of claims, including fraud, breach of implied warranty of merchantability or fitness for particular purpose, and breach of express warranty. *Id.* at 352-353. The arbitration provision at issue stated: "any claim, dispute, or controversy . . . between customer and Dell . . . arising from or related to this Agreement, its interpretation . . . shall be resolved exclusively and finally by binding arbitration administered by the National Arbitration Forum (NAF)." *Id.* at 351. Notably, "the arbitration provision did not designate a replacement forum in the event that NAF was unavailable for any reason." *Id.* at 352. Petitioner argued that because NAF, the original arbitral forum, was no longer permitted to conduct arbitrations, the arbitration provision was unenforceable. *Id.* at 353. Petitioner also asserted that the parties should proceed directly to litigation because the designation of NAF as the arbitral forum was integral to the arbitration provision; "because the NAF could not perform its function, the arbitration provision in the Terms and Conditions should not be enforced." *Id.* at 353. The District Court agreed with Petitioner Khan and denied Dell's motion to compel arbitration, concluding that the language in the Terms and Conditions section "demonstrated 'the parties' intent to arbitrate exclusively before a particular arbitrator, not simply an intent to arbitrate generally.'" *Id.* (quoting *Khan v.*

*Dell, Inc.*, No. 09-3703 (JAP), 2010 U.S. Dist. LEXIS 85042, at *13 (D.N.J. August 18, 2010). The District Court agreed that the appointment of NAF as the arbitration forum was integral to the arbitration clause. *2010 U.S. Dist. LEXIS 85042*, at *12.

The Third Circuit reversed, holding that the District Court's decision "is at odds with the fundamental presumption in favor of arbitration." *Khan*, 669 F.3d at 357. The court acknowledged that the issue involved a question of arbitrability, and was thus governed by the FAA. *Id.* at 354. However, it also noted that "[t]he FAA reflects a 'liberal federal policy favoring arbitration.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The court examined an Eleventh Circuit case that articulated the standard for determining the applicability of Section 5 of the FAA when an arbitrator is unavailable: "[w]here the chosen forum is unavailable . . . or has failed for some reason, §5 applies and a substitute arbitrator *may* be named." *Khan*, 669 F.3d at 354 (citing *Brown v. ITT Customer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) (emphasis added)). The court will preclude arbitration if the choice of forum is central to the arbitration, and not merely an "ancillary logistical concern." *Khan*, 669 F.3d at 354 (quoting *Brown*, 211 F.3d at 1222). Furthermore, the Third Circuit found that both parties "must have unambiguously expressed their intent not to arbitrate in the event that the designated arbitral forum is unavailable." *Khan*, 669 F.3d at 354.

The facts and circumstances of the present matter are very similar to those in *Khan*, and the Third Circuit's reasoning should govern. Like Petitioner Khan, Plaintiff River Drive argues that the terms of the Trust Agreement should be construed narrowly. (Pl.'s Br. at 5). Because the Trust Agreement states that the Funds shall designate **a** permanent arbitrator, Plaintiffs contends, "Arbitrator Pierson is the sole arbitrator empowered to hear and decide the instant contribution delinquency dispute." *Id.* However, there is no evidence in the record indicating that River Drive

clearly and unambiguously expressed its intent not to arbitrate in the event that the appointed arbitrator, Arbitrator Pierson, was unavailable.[1] *See Khan*, 669 F.3d at 354. There is also nothing in the record to support River Drive's claim that the case shall be arbitrated before a mutually agreed-upon individual. (Pl's Br. at 5). On the contrary, the language in the Trust Agreement explicitly confers arbitrator selection upon the Trustees. *See* Agreement and Declaration of Trust, Article V, Section 4 ("The Fund and Trustees . . . shall . . . designate a permanent arbitrator to hear and determine collection disputes.").

## II. The language in both the Collective Bargaining Agreement (CBA) and the Trust Agreement confers broad, discretionary power upon the Trustees.

The language in the Collective Bargaining Agreement (CBA) and the Trust Agreement also gives the Funds broad discretion and flexibility to interpret the various terms of the plan. *See, e.g.* Article XXI, Arbitration and Grievances, §21.20(h) ("This Article shall not limit the rights of the Trustees of the funds herein from establishing arbitration procedures as permitted under the Declaration of Trusts, plan documents or the law."). "When a plan grants its administrator such discretionary authority, '[t]rust principles make a deferential standard of review appropriate,'" and an arbitrary and capricious standard should be used. *Fleisher v. Std. Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Moreover, the arbitrary and capricious standard applies "when an administrator acts pursuant to her authority 'to construe the terms of the plan.'" *Fleisher*, 679 F.3d at 121 (quoting *Gritzer v. CBS, Inc.*, 275 F.3d 291, 295 (3d Cir. 2002)). A decision rises to

---

[1] In the Third Circuit, §5 of the FAA requires the appointment of a substitute arbitrator when arbitrator designated by parties is unavailable. 9 U.S.C.S. §5. It is also arguable that Arbitrator Pierson actually *was* available. Plaintiff asserts that Arbitrator Pierson is partial to the Funds. When Arbitrator Pierson failed to comply with Plaintiff's request, he refused. It was at this time that the Funds suggested arbitrating before Arbitrator Davis, the alternate permanent arbitrator.

the level of being arbitrary and capricious "if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Abnathya v. Hoffmann-La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir. 1993).

The language in the Trust Agreement relied on by River Drive is, at best, ambiguous as to whether the parties intended to have their disputes arbitrated in the event that Arbitrator Pierson was unavailable. "When a plan's language is ambiguous and the administrator is authorized to interpret it, courts 'must defer to this interpretation unless it is arbitrary or capricious.'" *Fleisher*, 679 F.3d at 121 (quoting *McElroy v. SmithKline Beecham Health & Welfare Benefits Trust Plan*, 340 F.3d 139, 143 (3d Cir. 2003)). This ambiguity should be resolved in favor of arbitration. *Khan*, 669 F.3d at 356 ; *See also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24.

### III. When Arbitrator Murray reduced his practice, Arbitrator Pierson was appointed as alternate permanent arbitrator. At no point did Plaintiff River Drive object to Arbitrator Pierson's designation as alternate permanent arbitrator, or to the structure of the permanent arbitrator/alternate permanent arbitrator.

The original arbitrator, Michael Murray, was appointed as the Funds' permanent arbitrator in April 2001. In May 2007, after Arbitrator Murray began to reduce his practice because of health concerns, the Funds appointed J.J. Pierson as the alternate permanent arbitrator. *See New Jersey Building Laborers' Statewide Benefit Funds v. American Coring & Supply*, 341 F. App'x 816, 818 (3d Cir. 2009). Upon Arbitrator Murray's death in March 2011, J.J. Pierson was designated as permanent arbitrator, and Wellington Davis was named the alternate permanent arbitrator. After the Funds advised River Drive that the Funds planned to submit the dispute over River Drive's failure to make benefit contributions on behalf of its

employees to arbitration, River Drive sought a preliminary injunction. *River Drive Construction Co., Inc. v. New Jersey Building Laborers Statewide Benefit Funds*, Civil Case No. 10-2605 (D.N.J. 2009). At that point, there is no evidence that River Drive objected to Arbitrator Pierson's status as alternate permanent arbitrator. River Drive's application for a preliminary injunction was denied.

After Arbitrator Pierson issued an award to the Funds on October 12, 2010, River Drive moved to vacate, and again sought an injunction against the arbitration of its disputes with the Funds and the Union. *River Drive Construction Co., Inc. v. New Jersey Building Laborers Statewide Benefit Funds*, Civil Case No. 10-6037 (D.N.J. 2011). Once again, there is no evidence that, at that time, River Drive contested or objected to Arbitrator Pierson's status as alternate permanent arbitrator. Furthermore, the Funds' audit procedure, including Arbitrator Pierson's position as alternate permanent arbitrator, was upheld by the District Court. *New Jersey Building Laborers Statewide Benefit Funds v. Chanree Construction*, Civil Action No. 10-4212 (D.N.J. 2011).

Arbitrator Pierson oversaw these proceedings for a period of several years; at no point during that time did Plaintiff object to, or challenge, his status as alternate permanent arbitrator. When Arbitrator Murray became ill in 2007, Arbitrator Pierson became the alternate permanent arbitrator. In the Court's view, the Funds wisely devised this structure to ensure that an alternate permanent arbitrator was always available in the event that the original permanent arbitrator was unable to perform his duties. When River Drive challenged Arbitrator Pierson's neutrality, the Funds appointed Arbitrator Wellington Davis to ensure that further proceedings could continue as smoothly and efficiently as possible.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's request that this Court grant its application and issue a declaratory judgment that the Funds improperly appointed Arbitrator Davis and that Arbitrator Davis is without jurisdiction to hear and decide the parties' dispute. Arbitration is to proceed before the alternate permanent arbitrator designated by the Funds, pursuant to the CBA and the Trust documents.

An appropriate order accompanies this Opinion.

Date: March 3rd, 2015

Jose L. Linares
Unites States District Judge